GARDEN, JUDGE:
These claims were consolidated for hearing and opinion because, with the exception of the amounts involved, they involve identical *7 factual situations. Furthermore, in view of the fact that the issues presented are between two state agencies, this Court is rendering an advisory determination pursuant to Code 14-2-18.
Public Law 91-373 (HR 14,705) approved and passed by Congress on August 10, 1970, cited as the Employment Security Amendments of 1970, effective January 1,1972, made it mandatory that the states and the District of Columbia amend their unemployment compensation laws to cover services rendered in employment for state hospitals, and state institutions of higher education, and for non-profit organizations exempt from payment of income tax employing four or more individuals for some portion of a day in each of twenty weeks within the current or preceding calendar year. With the exception of non-profit organizations, said amendment of 1970 extended coverage to employers of one or more individuals in contrast to the prior statute covering employers of four or more individuals.
In compliance with that Congressional mandate, the West Virginia Legislature amended the West Virginia Unemployment Compensation Law effective January 1, 1972, which covered employment in state hospitals and reads as follows (Chapter 21 A, Article 1, Section 3, Subsection 7, of the West Virginia Code of 1931, as amended,):
“Any employing unit which, after December thirty-one, one thousand nine hundred seventy-one, (i) in any calendar quarter in either the current or preceding calendar year paid for service in employment wages of one thousand five hundred dollars or more, or (ii) for some portion of a day in each of twenty different calendar weeks, whether or not such weeks were consecutive, in either the current or the preceding calendar year had in employment at least one individual (irrespective of whether the same individual was in employment in each such day);”
and Chapter 21A, Article 1, Section 3, Subsection 9,
“(9) Service performed after December thirty-one, one thousand nine hundred seventy-one, by an individual in the employ of this State ... when such service is performed for a hospital...”
The West Virginia Unemployment Compensation Law, Chapter 21A, Article 5, Section 17 of the West Virginia Code of 1931, as amended, provides as follows:
*8 “Interest on past-due payments.
“Payments unpaid on the date on which due and payable, as prescribed the commissioner, shall bear interest at the rate of one percent per month, until payment plus accrued interest is received by the commissioner.
“Interest collected pursuant to this section shall be paid into the employment security special administration fund.”
Hopemont State Hospital failed to pay unemployment compensation contributions for the first and second quarters of 1972 in a total amount of $10,467.45, and with statutory interest of one percent per month on said sum through April 21, 1975, a total of $14,047.01 was due claimant as of April 21, 1975.
Pinecrest Hospital failed to pay unemployment compensation contributions for the first and second quarters of 1972 in a total amount of $9,490.64, and with statutory interest of one percent per month on said sum through April 21,1975, a total of $12,747.42 was due claimant as of April 21, 1975.
It was developed at the hearing that the'Legislature had failed to appropriate funds for expenditure in fiscal year ending June 30, 1972, in anticipation of unemployment taxes that became due and payable for the taxable periods from January 1,1972 through June 30, 1972, and consequently, the Commissioner of Public Institutions had no funds available to make payment of these taxes. Any attempted payment of these taxes by the Commissioner of Public Institutions would have been illegal. This being an advisory determination, we could not make awards even if we were so inclined. We believe that the issue in these claims are governed by the decision of this Court in the Airkem case, 8 Ct. Cl. Rep. 180, and that these claims would be denied were it not for the fact that this is an advisory determination. It is suggested that this matter could be rectified by the Legislature through a special appropriation if it so desires.
The clerk of this Court is directed to forward copies of this opinion to the respective heads of the state agencies involved in these claims.